**TINNIN v. WILLIAMS.** (No. 2162.)

Court of Civil Appeals of Texas. El Paso.
June 21, 1928.

Rehearing Denied July 23, 1928.

**1. Partnership** ⟨⟩218(3)—Whether partnership exists is mixed question of law and fact.

Question of whether a partnership exists is mixed question of law and fact.

**2. Partnership** ⟨⟩218(3)—Where there is no dispute regarding facts, question whether partnership exists is one of law for court.

Where there is no dispute regarding facts, question of whether a partnership exists is one of law for court to determine.

**3. Contracts** ⟨⟩176(1)—If agreement under which business arrangement is carried on is free from ambiguity, legal effect must be determined as matter of law.

If an agreement under which a business arrangement is carried on is free from ambiguity or doubt, its legal effect must be determined as a matter of law.

**4. Partnership** ⟨⟩132—Partners may restrict their powers as agents by special agreement, and persons dealing with partner knowing restrictions is bound thereby.

Partners may restrict their powers as agents of partnership by special agreement between themselves or by provisions inserted in articles of partnership, and persons dealing with partner with knowledge or notice of restriction is bound by such restriction.

**5. Principal and agent** ⟨⟩148(4)—Where agent traded automobile for lots in violation of limitations of which defendant knew, principal was not obliged to accept defendant's lots, but could recover automobile and damages.

Where plaintiff entered into agreement with C., an automobile agent, whereby plaintiff was to purchase automobile to be sold by plaintiff and C. for cash and cash was to be paid to plaintiff to reimburse him for money advanced in purchase, and C. traded automobile with one who had typed agreement and knew of limitations for lots, plaintiff was not bound to accept lots in exchange, but could repudiate transaction and recover automobile and damages whether C. was partner or not, since in disposing of automobile he was agent with restrictions and limitations.

**6. Replevin** ⟨⟩78—Where agent exchanged automobile in violation of limitations of which defendant knew and principal sued for automobile and damages, damages were value of automobile at time of exchange less present value.

Where agent exchanged automobile for lots in violation of limitations and restrictions of which defendant knew, and principal repudiated transaction and sued for recovery of possession of automobile and for damages, damages were value of car at time of exchange for lots less present value.

Appeal from District Court, Ector County; Chas. Klapproth, Judge.

Action by E. L. Tinnin against Florence Williams. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Paul Moss, of Odessa, for appellant.

Jno. F. Weeks and C. W. Tate, both of Odessa, for appellee.

WALTHALL, J. E. L. Tinnin brought this suit against Florence Williams, a feme sole, to recover of her the possession of a Nash automobile, describing same, alleged to be of the value of $1,595, or for its value in the event a delivery of the automobile could not be had, and for damages and costs of suit. The petition states the cause of action in three counts. Without stating the several counts separately, the cause of action in substance, is that plaintiff owned and possessed the automobile; that on and prior to the 2d day of January, 1928, one N. H. Collins had what was known as the Nash Automobile Agency for Odessa, Tex., and vicinity, but that due to his financial condition he was unable to purchase and market Nash automobiles, and induced plaintiff to enter with him into a written contract, the contract drawn up or written by defendant, Florence Williams. In order to get the business of the agency started, plaintiff, under the contract with Collins, was to loan Collins $300, and, in addition, pay for the first three automobiles shipped to them. By the terms of the contract the three cars were to be the individual property of plaintiff, and were to be sold for cash only, and the money advanced repaid to plaintiff. Plaintiff loaned Collins the $300 and paid cash for the three automobiles, which were delivered to Collins and plaintiff at Odessa.

Florence Williams, as the surviving widow of S. Williams, deceased, claimed to own a number of town lots in the town of Odessa and the additions to the town. Some time prior to January 2, 1928, defendant asked plaintiff to exchange one of the three automobiles for town lots in one of the additions, and, after seeing the lots, plaintiff informed defendant that he would not consider an exchange of the automobile for the lots, and that due to his financial condition he must sell the automobile for cash only.

Thereafter, on January 2, 1928, without plaintiff's knowledge or consent, and with full knowledge on the part of defendant of the facts above stated, Collins delivered the automobile in controversy, one of the three owned by plaintiff individually, to defendant, and received therefor a warranty deed in form to some of the town lots in one of the additions to the town of Odessa, and immediately fled the country and has not returned. The deed to the lots was sent to plaintiff through the mail. The value of the automobile at the time of its delivery to defendant was $1,595. The deed to the town lots conveyed recites the consideration for the lots to be $1,270 paid by Collins and Tinnin, and the deed conveys the lots, describing them, to Collins & Tinnin.

Plaintiff's petition, without reciting its verbiage, states facts to the effect that defendant did not own or have title to the lots conveyed, but that other parties, naming them, claimed some interest, right, and title to said lots.

Plaintiff, in his petition, offered to return said deed to defendant and to do all other things on his part to be done in the premises, and brings same into court and tenders same to defendant and offers to do equity. Plaintiff alleges demand for the return of the automobile and refusal to deliver same.

Defendant answered by general and special exceptions, general denial, alleges that Collins & Tinnin were partners and selling Nash cars in Odessa, and that defendant, believing that they were partners, and that Collins was a partner, in good faith bought the automobile from Collins, paying a valuable consideration therefor, agreed upon by her and Collins acting for the firm of Collins & Tinnin.

The case was tried to a jury. The court instructed a verdict for defendant, and judgment was so rendered.

## Opinion.

Appellant, Tinnin, presents nine propositions. We need not consider them severally. They complain of the peremptory instruction given to find for the defendant, in view of the practically uncontradicted evidence. The contract between Tinnin and Collins could not be produced, was not introduced in evidence, and secondary evidence of its contents was heard, and, without stating it in full, it was to the effect, substantially, as follows: Tinnin loaned Collins $300; three Nash automobiles were to be ordered; Tinnin was to pay for them and they were to be the individual property of Tinnin; they were to be sold for cash and the money paid to Tinnin, including the $300 loaned Collins. After that was done Collins was to have a one-half interest in the profits. The automobiles were not to be sold without Tinnin's consent; no trade was to be made without Tinnin's consent. Defendant knew of the contract between Tinnin and Collins, knew its contents and, in fact, had written it herself. She testified:

"Yes; I typed off the contract about this automobile business. Yes; I wrote it and they accepted it." "Prior to the time of taking possession of the car I talked with Mr. Tinnin about buying a car. * * * I did say something to him about swapping the lots for the car. * * * Mr. Tinnin told me that day that he was not ready to trade the car for the lots just then."

Mrs. Tinnin testified:

"I was with Tinnin and Mrs. Williams at the time Mrs. Williams took Tinnin out to look at the lots. That was in the north end of the town. * * * She said if Mr. Tinnin would take a bunch of lots she would trade. Mr. Tinnin told her he couldn't consider the lots at all on that side of town. * * *

"Q. Did she ask Tinnin to look at the lots described in the deed we have, lots north of the road? A. She told him those were the lots she wanted to trade. As to what he said, he said he wouldn't have them at all. * * * He said he wouldn't consider the lots, but would take money."

The evidence shows that the deal exchanging the car for the lots was made by Collins, and was made without the knowledge or consent of Tinnin, and made at a time when Tinnin was sick and not at their place of business. The evidence shows that Tinnin repudiated the transaction as soon as he knew of it, and he says he demanded a return of the car. Appellee, in her statement of the nature and result of the suit, and in reply to some of appellant's propositions, says that: "The assignments are not well taken for the reason that the undisputed evidence in the case shows that Mrs. Williams gave to Collins and Tinnin eight town lots and $325 in cash for the automobile in question." The evidence found in the record does not show the payment of any cash, nor does the petition allege the payment of any cash.

[1-5] The question of whether a partnership exists is a mixed question of law and fact. Where there is no dispute as regards the facts the question is one of law for the court to determine. If an agreement under which a business arrangement is carried on and free from ambiguity or doubt, its legal

effect must be determined as a matter of law. But aside from the question of the existence of a partnership between Tinnin and Collins, the undisputed evidence in the case shows that under the agreement between the two, Tinnin advanced the money to buy the first three cars, including the car involved here, with the expressed agreement, expressed in the writing, that the cars were to be his individual property, were to be sold for cash, and the cash paid to him to reimburse him for the money advanced in the purchase and the $300 loaned Collins. Mrs. Williams testified that she wrote the agreement, knew its contents, and in her evidence made no dispute as to its contents and her knowledge of the above facts. If it should be held that Tinnin and Collins were partners in the transaction of buying and selling the three cars, which we do not concede, still partners may restrict their powers as agents of the partnership by special agreement between themselves, or by provisions inserted in the articles of partnership, as here, and persons dealing with a partner with knowledge or notice of such restriction is bound by such restriction; such restrictions or limitations on the individual partners to act for the partnership revokes the implied agency of the individual partner to act for the partnership in violation of and contrary to the partnership agreement, and actual notice to one dealing with the individual partner. R. C. L. on Partnership, vol. 20, par. 98, and notes thereunder. So that, as we view it, it is immaterial, so far as the results are concerned, whether the facts show a partnership between Tinnin and Collins or not. In either event Collins was a mere agent in disposing of the automobile with limitations and restrictions on his agency, of which limitations and restrictions Mrs. Williams knew and had notice.

The view we have of the transaction renders it immaterial whether the title to the lots given in exchange for the automobile was merchantable or not. Tinnin was under no obligation to accept them. He repudiates the whole transaction and tenders the deed to the lots into court. We assume that the deed was unrecorded, but if recorded, he should reconvey by quitclaim deed.

[6] The evidence shows the value of the automobile at Odessa at the time of its exchange for the lots to be $1,595. Tinnin states his damages to be that value at that time, and that value is not controverted. The evidence further shows that the value of the car at the time of the trial was "five or six hundred dollars, possibly more than that; wouldn't say. Used car report shows it valued at $479." Tinnin prays that he "have judgment for the recovery of possession of said automobile, or for its value, in case a

delivery cannot be had, and for his damages." His damages would be the value of the car at the time of its exchange for the lots, less its present value.

Reversed and remanded.